UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL SIFRE,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF RENO et al.,<br><br>   Defendants. | 3:14-cv-00060-RCJ-WGC<br><br>**ORDER** |

This case arises out of alleged retaliation against a police sergeant by his superiors based on protected speech. Pending before the Court is a Motion to Dismiss Voluntarily (ECF No. 54). For the reasons given herein, the Court grants the motion in part.

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiff is Reno Police Department ("RPD") Sergeant Paul Sifre. (*See* Am. Compl. ¶ 2, Apr. 7, 2014, ECF No. 8). Defendants are the City of Reno, RPD Chief Steve Pitts, RPD Deputy Chief Tom Robinson, RPD Deputy Chief Dave Evans, and RPD Lieutenant Rob Van Diest. (*Id.*). Plaintiff has brought a single claim against Defendants pursuant to 42 U.S.C. § 1983 for First Amendment retaliation. (*See id.* 7–8).

Plaintiff alleges that on January 3, 2011, Van Diest ordered Plaintiff to falsify a statement concerning non-party RPD officer Chris Good. (*See id.* ¶ 4). When Plaintiff refused, Van Diest

began to harass Plaintiff. (*Id.* ¶¶ 6–7). On January 29, 2011, Van Diest "ordered Plaintiff to stay away from Plaintiff's own team." (*Id.* ¶ 14). When Plaintiff refused, Van Diest told Plaintiff he would receive a negative remark concerning his refusal in his performance evaluation. (*Id.*).

In May 2011, Plaintiff was the subject of an internal affairs investigation, the nature of which Plaintiff does not allege. (*See id.* ¶ 15). Chief Pitts sustained two of the charges, despite a review board's unanimous vote not to sustain any charges, and ordered Plaintiff into a performance improvement program. (*Id.* ¶¶ 16–18). When they learned Plaintiff intended to appeal, Pitts and Evans reduced the discipline to training to avoid an appeal. (*See id.* ¶ 19). As a result of the internal affairs investigation, in late May or early June of 2011, two sergeants who Plaintiff does not identify recommended that Plaintiff volunteer to leave his graveyard shift because Defendants intended to remove him from it anyway. (*See id.* ¶ 24). Plaintiff changed shifts on June 3, 2011. (*Id.* ¶ 26).

In May 2011, Van Diest also ordered Plaintiff to keep his team out of the downtown area. (*Id.* ¶ 21). Plaintiff protested. (*Id.*). In May 2011, Plaintiff was passed over for promotion despite being ranked fourth on a promotion test "and should have been selected had Defendants followed proper procedures." (*Id.* ¶ 22). In June 2011, Plaintiff applied for the position of SET Team Sergeant. (*Id.* ¶ 27). Although he was the only eligible applicant when the position was announced, Evans changed department policy to make other sergeants eligible for the position so that Plaintiff would not be selected. (*Id.* ¶¶ 27–28). In July 2011, Plaintiff was advised that Defendants had ordered Plaintiff not to have any more "ride-alongs" because the females who rode along with Plaintiff were "too good looking." (*Id.* ¶ 29). Plaintiff's protests to his superiors fell on deaf ears, and eventually non-party Deputy Chief Whan changed department policy to

limit "ride-alongs" to family members—an order referred to as "another Sifre rule." (*Id.* ¶¶ 30–32).

Plaintiff applied for Lieutenant again in May 2012. (*Id.* ¶ 35). Non-party Sergeant Donohue was selected over Plaintiff, despite being ranked sixth or seventh on the promotion test. (*Id.*). Donohue was thereby the second sergeant promoted to lieutenant off of the list mentioned, *supra*, on which Plaintiff ranked fourth. (*Id.*). In July 2012, non-party Sergeant Katre was promoted, despite being ranked sixth or seventh on the list. (*Id.*). In September 2012, non-party Sergeant Burfield was the fourth sergeant promoted off of the list. (*Id.*).[1]

In December 2012, non-party Deputy Chief Venzon announced that the lieutenant's list would be vacated and a new test administered, despite Evans's prior assurance that the previous list would remain in effect for two years. (*Id.* ¶ 39). Before the new lieutenant's test was administered, non-party Officer Kellie Fox found copies of the test questions in a copier at the RPD main station. (*Id.* ¶ 40). Plaintiff reported the incident to Pitts and asked him to investigate. (*Id.*). Pitts said he would consult with Civil Service Director Bailey. (*Id.*). Bailey claimed the questions were accidentally printed to the main station a week after the test had occurred. (*See id.* ¶ 41).[2] An RPD technology expert indicated to Plaintiff that such a printing error could not have occurred. (*Id.* ¶ 42). Plaintiff filed a formal complaint with the Civil Service Commission concerning the apparent leak of the test questions but is unaware of any further investigation. (*Id.* ¶ 43).

---

1 Plaintiff does not allege Burfield's position on the list, but the allegations as a whole indicate that four sergeants were promoted over Plaintiff despite Plaintiff being fourth on the list, which appears improper if one assumes that promotions are to occur in order of merit according to the list and that Plaintiff was not barred from promotion by the aforementioned disciplinary actions or for some other reason.
2 This explanation is incongruous with the allegation that Officer Fox had found the questions printed *before* the test had been administered.

In February 2013, Plaintiff applied for the position of training supervisor. (*Id.* ¶ 44). Although he was more qualified than the unidentified person selected, he was denied the position because he had challenged the lieutenant selection process. (*Id.*). Plaintiff later applied for a special assignment to the Gang Unit but was denied, despite being more qualified than the unidentified person selected. (*Id.* ¶ 45).

Plaintiff sued Defendants in this Court under 42 U.S.C. § 1983 for First Amendment retaliation. Defendants moved to dismiss. Plaintiff filed the Amended Complaint ("AC"). Defendants moved to dismiss the AC (the "First Motion to Dismiss") for failure to exhaust administrative remedies and failure to state a claim. The Court granted the motion in part, dismissing the claims except for the First Amendment retaliation claim under § 1983 insofar as it was based on the alleged retaliation for Plaintiff's complaint to the Civil Service Commission, i.e., the denial of his applications for assignment as a training supervisor and assignment to the Gang Unit. The Court also dismissed the City of Reno as a Defendant, with leave to amend the allegations concerning municipal liability. Plaintiff filed the Second Amended Complaint ("SAC"). In the SAC, Plaintiff alleges the incident concerning the leaked test questions, (Second Am. Compl. ¶ 5, ECF No. 36), Plaintiff's complaint to the Civil Service Commission, (*id.* ¶ 6), and Plaintiff's denials for assignment to training supervisor and the Gang Unit, (*id.* ¶¶ 8–9). He also alleges that those denials were in retaliation for his report to the Civil Service Commission. (*Id.* ¶ 7). In addition, paragraph seven includes the following language relevant to the *Monell* claim against the City:

> Plaintiff is informed and believes that this protected activity caused Defendants to implement an unwritten policy, promulgated by Pitts, to be followed by Lieutenants in making selections for special assignments, that Plaintiff was not to be selected. In fact, Plaintiff was informed on more than one occasion, that this policy was being referred to as the "Sifre Rule" - i.e., you

>> complain, you don't get promoted.  As a result of this deliberately chosen policy, Plaintiff was not and will not be selected for special assignments.

(*Id.*).  Defendants moved to dismiss (the "Second Motion to Dismiss").  The Court denied the motion, ruling that Plaintiff had sufficiently alleged a causal nexus between his report to the Civil Service Commission of the leaked lieutenant's test questions and the denial of his applications for training supervisor and the Gang Unit, and that he had sufficiently alleged that Chief Pitts ordered those denials pursuant to his authority as a final policy maker of the City for the purposes of a *Monell* claim.  Plaintiff has now moved to dismiss his remaining claims voluntarily, so that he may appeal the Court's partial grant of the first motion to dismiss.

## II.   LEGAL STANDARDS

Because Defendants have answered and all parties to appear have not stipulated to dismissal, Plaintiff requires leave to dismiss voluntarily.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii).  The Court has discretion to grant the voluntary dismissal "on terms that the Court considers proper."  *See* Fed. R. Civ. P. 41(a)(2).  There are no counterclaims.

## III.   ANALYSIS

Plaintiff asks the Court to dismiss the remaining claims with prejudice, with each party to bear their own fees and costs.  Defendants ask the Court to impose the following conditions on dismissal: (1) that the results of discovery in this case be available in any subsequent proceeding between the parties; (2) that Plaintiff be compelled to provide responses to Defendants' first set of interrogatories and first set of requests for production, the answers to which will be relevant to the claims Plaintiff seeks to appeal; and (3) that the Court clarify that the claims to be dismissed are those for First Amendment retaliation by the individual Defendants in the form of the denial of two special assignments Plaintiff applied for after complaining to the Civil Service

Commission about leaker lieutenant test questions, and *Monell* liability of the City for a policy, custom, or practice of First Amendment retaliation.  Plaintiff has not timely replied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Voluntarily (ECF No. 54) is GRANTED IN PART.  The conditions requested by Defendants are ADOPTED.

IT IS FURTHER ORDERED that Plaintiff shall RESPOND to Defendants' first set of interrogatories and first set of requests for production within fourteen (14) days of the entry of this Order into the electronic docket.  If Plaintiff fails to do so, Defendants may file a motion under Rule 59(e) asking the Court to reconsider the present Order.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 7th day of May, 2015.

_____
ROBERT C. JONES
United States District Judge